

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TAMERA K. GOBIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-12-S-02861-NE** |
| | ) | |
| **ERIC HOLDER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on a motion by defendant, U.S. Attorney General Eric Holder, to dismiss the complaint for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment.[1]  *Pro se* plaintiff, Tamera K. Gobin, seeks $100 million in damages for, among other things, violations of her privacy resulting from alleged, extensive governmental surveillance.[2]  Although the complaint contains fourteen numbered paragraphs, it does not contain discrete counts laying out plaintiff's legal claims.  *See* Fed. R. Civ. P. 10(b).

In support of his motion to dismiss, the Attorney General argues that the

---

[1] Doc. no. 5 (Motion to Dismiss).  The court notes that the caption of plaintiff's complaint ambiguously names "Eric Holder U.S. Department of Justice, Defendant(s)," as the defendant(s).  Doc. no. 1 (Complaint).  However, the substance of the complaint clearly indicates that Eric Holder is the only defendant.  *See id.* ¶ 14 ("Defendant, Eric Holder, is the Attorney General of the United States . . . .").

[2] *See* doc. no. 1 (Complaint) ¶¶ 1, 3-5, 8-9, 11.

complaint is frivolous and "sufficiently fantastic to defy reality."[3]  In the alternative,

defendant interprets plaintiff's complaint as stating claims against the United States

that are barred by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680

("FTCA") and, therefore, argues that summary judgment is proper because sovereign

immunity bars the action.[4]  Upon consideration, defendant's motion to dismiss will

be granted.

## I.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a

complaint for, among other reasons, "failure to state a claim upon which relief can be

granted."  Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a),

which requires that a pleading contain only a "short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that

pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp.*

*v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (citations omitted).

> To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to "state a claim to relief that
> is plausible on its face." [*Bell Atlantic Corp.*, 550 U.S.] at 570.  A claim

---

[3] Doc. no. 5 (Motion to Dismiss), at 3-5.

[4] *Id.* at 5-8.

> has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Iqbal*, 556 U.S. at 678 (alteration supplied). Moreover, a court need not accept a complaint's legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

As always is the case in the context of ruling upon a motion to dismiss, the district court is required to assume that

> the facts set forth in the plaintiff's complaint are true. *See Anza* [*v. Ideal Steel Supply Corp.*], 547 U.S. 451, [453,] 126 S. Ct. [1991,] 1994 [(2006)] (stating that on a motion to dismiss, the court must "accept as true the factual allegations in the amended complaint"); *Marsh v. Butler County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (*en banc*) (setting forth the facts in the case by "[a]ccepting all well-pleaded factual allegations (with reasonable inferences drawn favorably to Plaintiffs) in the complaint as true"). Because we must accept the allegations of plaintiff's complaint as true, what we set out in this opinion as "the facts" for Rule 12(b)(6) purposes may not be the actual facts.

*Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006) (alterations supplied).

When, as here, the plaintiff is proceeding *pro se*, the "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.

1998); *see also Anyanwu v. Brumos Motor Cars, Inc.*, No. 11-12488, 2012 WL 5476924, at *1 (11th Cir. Nov. 13, 2012).   Nevertheless, a court is not at liberty to serve as *de facto* counsel to a *pro se* party, or to effectively rewrite otherwise defective pleadings.   *See Martinez v. Burns*, 459 F. App'x 849, 850 (11th Cir. 2012) (*per curiam*) (citing *GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## II. FACTS AS ALLEGED

Since at least 1987, the United States has extensively monitored — in plaintiff's words, "spied on" — plaintiff's personal activities without her consent.[5]   During that time, the United States also archived the information it collected about plaintiff.[6]   According to plaintiff, the surveillance activities included

> illegal information gathering/surveillance through unreasonable warrantless searches and the creation of personal records through unlawful interception and eavesdropping, wire tapping or bugging, tampering with mail, misuse of communication systems (land lines, cell phones, electronic communications), and microchipping of her body to collect data on the plaintiff 24 hours a day (taking note of even private "thoughts")[,] which w[ere] then made public.[7]

Plaintiff also says that her medical records, social security information, and passwords

---

[5] Doc. no. 1 (Complaint) ¶ 5.

[6] *Id.*

[7] *Id.* ¶ 4 (alterations supplied).

4

were recorded and disseminated.[8]  She further says that her personal, medical, and financial information was "recklessly and negligently 'leaked'" onto the internet.[9]

Plaintiff alleges that she has suffered numerous injuries as a result of the surveillance program.  She attempted to write a book in 2010 and 2011, but her efforts were thwarted by the publication of the book's contents, which were on her private laptop computer.[10]  Due to the microchipping of her body, plaintiff's "private thoughts" have been publicized, she has developed frequent migraines and poor vision in her left eye, and she has shown symptoms of Trimethylaminuria (TMAU).[11]

Defendant, Eric Holder, is the Attorney General of the United States.  Plaintiff states that he is aware of the surveillance program that has been monitoring her.[12]  She alleges that defendant — along with President Barack Obama and the United States Department of Justice (who and which, respectively, are not named as defendants) — refuses to acknowledge the existence of the program, or take responsibility for the denial of plaintiff's rights.[13]  Plaintiff attributed defendant's reticence to the fact that

---

[8] *Id.*  It is unclear to what the passwords granted access.

[9] *Id.* ¶¶ 1, 5.

[10] *Id.* ¶ 10.

[11] Doc. no. 1 (Complaint) ¶ 6.  Apparently, the primary symptom of TMAU is the emission of a strong, fishy odor from one's sweat, urine, and breath caused by the inability to metabolize an enzyme.  *See* ABC NEWS, *More Information on TMAU*, Aug. 8, 2008 (available at http://abcnews.go.com/Primetime/story?id=2288096) (last visited Nov. 27, 2012); http://tmaufoundation.org/index.html (last visited Nov. 27, 2012).

[12] *Id.* ¶¶ 9, 14.

[13] *Id.* ¶ 9.

it 2012 was an election year, and "President Obama does not want the American people to know about domestic surveillance or human microchipping for fear of his own political demise."[14]

On April 25, 2012, plaintiff received a letter from Phyllis Pyles, the Director of the Department of Justice's Tort Branch, informing plaintiff that her claim was not compensable under the Federal Tort Claims Act.[15]

## III. DISCUSSION

Plaintiff's complaint does not contain numbered counts.  Consequently, the court must determine the claims she attempts to assert.  At minimum, she makes two constitutional claims:  one for violation of her Fourth Amendment right against unreasonable searches and seizures; and another for violation of her Fifth Amendment right to due process of law.  The Fourth Amendment claim is supported by plaintiff's numerous allusions to violations of her privacy, warrantless searches, interceptions of her communications, and a fleeting reference to the Fourth Amendment.[16]  The Fifth Amendment claim is supported by plaintiff's allegation that a microchip was

---

[14] *Id.*  The court takes judicial notice of the fact that President Obama won reelection on November 6, 2012.

[15] *Id.* ¶ 2.

[16] *See id.* ¶¶ 1, 4-6, 9-10.

6

implanted in her body without consent, and her allegation that she was denied due process.[17]

In response to defendant's motion to dismiss, plaintiff asserts that her constitutional claims are stated under 42 U.S.C. § 1983.[18]  Section 1983 provides a cause of action for violations of federally-secured rights, but only against defendants acting under color of *state* law.  *See* 42 U.S.C. § 1983.  For violations of constitutional rights by a defendant who, as here, allegedly acted under the color of *federal* law, plaintiff must proceed under the implied private right of action articulated in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  The *Bivens* opinion recognized such a cause of action for claims made pursuant to the Fourth Amendment, *id.* at 389, and the Supreme Court later reached the same conclusion regarding Fifth Amendment Due Process claims.  *See Davis v. Passman*, 442 U.S. 228, 229-30 (1979).  Consequently, the court construes plaintiff's complaint as alleging Fourth and Fifth Amendment causes of action brought pursuant to *Bivens* and *Davis*.

The nature of any other claim (or claims) asserted by plaintiff is not as clear. Interestingly, plaintiff's response to defendant's motion to dismiss only discusses her constitutional claims,[19] thereby implying that plaintiff does not assert any other

---

[17] *See* doc. no. 1 (Complaint) ¶¶ 4, 6, 9.

[18] *See* doc. no. 6 (Plaintiff's Response), at 3-4.

[19] *See id.*

claims.[20]   Nevertheless, the complaint itself is the authoritative source of plaintiff's claims.

The court construes plaintiff's complaint as alleging a third claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA").  Early in the complaint, plaintiff notes that she received a letter from the Department of Justice's Tort Branch informing her that her administrative claim is not compensable under the FTCA.[21]  According to plaintiff, "[t]he letter of denial states that the plaintiff may file suit in Federal District Court.  I[,] therefore, invoke federal jurisdiction."[22]  The court interprets that language as plaintiff's attempt to allege a FTCA claim.

In addition to multiple references to the interception and dissemination of her private information and communications, plaintiff alleges that her "[m]edical records and visits were recorded and shared in violation of the federal Privacy Act, as well as all passwords and social security information."[23]  Thus, plaintiff may also be attempting to assert a claim under the Privacy Act of 1974, 5 U.S.C. § 552a *et seq*.

Defendant offers two arguments in support of his motion to dismiss.  He first asserts that the complaint is "frivolous."[24]  Second, defendant, citing the dissent in

---

[20] Alternatively, plaintiff's failure to mention any non-constitutional claims in her response could indicate her belief that defendant's motion posed no threat to those claims.

[21] Doc. no. 1 (Complaint) ¶ 2.

[22] *Id.*

[23] *Id.* ¶¶ 1, 4-5.

[24] Doc. no. 5 (Motion to Dismiss), at 3.

8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), contends that a claim may be dismissed when it is "sufficiently fantastic to defy reality as we know it."[25]

Defendant cites *Carroll v. Gross*, 984 F.2d 393 (11th Cir. 1993), for the proposition that frivolous complaints may be dismissed, and that frivolousness exists when factual allegations are clearly baseless, or when legal theories are indisputably meritless.[26]  *See Carroll*, 984 F.2d at 393.  That case was decided under 28 U.S.C. § 1915, however, which enumerates legal standards when a plaintiff is proceeding *in forma pauperis*.   *See id.*; 28 U.S.C. § 1915.  In particular, § 1915(e)(2) instructs courts to dismiss a case whenever the court determines that it is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(I).  That standard is broader — *i.e.*, grants the court greater leeway to dismiss — than the standard of Federal Rule of Civil Procedure 12.  *See Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991).  Although plaintiff is proceeding *pro se*, she is not proceeding *in forma pauperis*, because she paid the filing fee upon initiation of her suit.  Thus, the standard articulated by 28 U.S.C. § 1915 — as well as *Carroll*'s gloss upon that statute —  is not applicable, and the court must accept plaintiff's allegations as true.  As the Supreme Court has noted, Section 1915

---

[25] *Id.* at 4.

[26] *Id.*

> is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits *that paying litigants generally do not initiate because of the costs of bringing suit* and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, *but also the unusual power to pierce the veil of the complaint's factual allegations* and dismiss those claims whose factual contentions are clearly baseless.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (emphases supplied).  In short, as a so-called "paying litigant," neither § 1915 nor its rationale applies to plaintiff.

Defendant's second argument fares better.  Defendant maintains that *Iqbal* permits dismissal when a complaint defies reality as we know it.[27]  As Justice Souter wrote, the sole exception to the rule that courts must accept the allegations of a plaintiff's complaint as true, *see, e.g., Iqbal*, 556 U.S. at 678, and *Williams v. Mohawk Industries, Inc.*, 465 F.3d at 1281 n.1, "lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."  *Iqbal*, 556 U.S. at 696 (Souter, J., dissenting).  Although that observation comes from the *Iqbal* dissent, courts have subsequently endorsed such an exception to the *Twombly/Iqbal* pleading standard. *See, e.g., Tooley v. Napolitano*, 586 F.3d 1006, 1009-10 (D.C. Cir. 2009); *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629-30 (6th Cir. 2009); *Buckner v.*

---

[27] *See* doc. no. 5 (Motion to Dismiss), at 3.

*Montgomery County Jobs & Family Services Division*,  No. 3:11-CV-320, 2012 WL 786948, at \*2 (S.D. Ohio Mar. 9, 2012); *Mitchell v. DMHA*, 3:11-CV-160, 2011 WL 4067398, at \*1 (S.D. Ohio June 10, 2011), *report and recommendation adopted by*, 3:11-CV-160, 2011 WL 4067340 (S.D. Ohio Sept. 13, 2011); *McGraw v. Wachovia Securities, LLC*, 08-CV-2064-LRR, 2009 WL 2949290, at \*2 (N.D. Iowa Sept. 10, 2009); *Walton v. Walker*, CIV. 08-CV-486-MJR, 2009 WL 1470409, at \*4 (S.D. Ill. May 27, 2009) *aff'd*, 364 F. App'x 256 (7th Cir. 2010).

Indeed, one district court in this circuit has already dismissed a similar complaint — one alleging governmental implantation of surveillance devices in the plaintiff's body with consent of the plaintiff — under the exception suggested in Justice Souter's dissent. *See Williams v. Karf*, No. CV410-221, 2010 WL 5624650, at \*1 (S.D. Ga. Dec. 20, 2010), *report and recommendation adopted by*, No. CV410-221, 2011 WL 201770 (S.D. Ga. Jan. 19, 2011).

The allegations of this plaintiff's complaint are "sufficiently fantastic to defy reality as we know it." *Iqbal*, 556 U.S. at 696 (Souter, J., dissenting).  Consequently, defendant's motion to dismiss will be granted, and the complaint will be dismissed with prejudice, because amendment would be futile.

## IV.  CONCLUSION AND ORDER

For all of the reasons stated above, defendant's motion to dismiss is GRANTED, and plaintiff's complaint is DISMISSED with prejudice.  Costs are taxed to plaintiff.  The Clerk is directed to close this file, and to mail a copy of this order to plaintiff at 112 Fairington Road, Huntsville, Alabama, 35806.

DONE and ORDERED this 2nd day of January, 2013.

United States District Judge